IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 14-22531-CIV-KMM

ROBERT LANGERMANN,

    Plaintiff,

v.

SAMUEL J. DUBBIN; JONATHAN W. CUNEO; STEVE W. BERMAN; ILYA "ELIE" RUBINSTEIN; DAVID C. WROBEL; THE BLUE CARD, INC.; JEWISH FAMILY SERVICE AGENCY OF LAS VEGAS; JOHN DOES I-XX; and ROE CORPORATIONS XXI-XL,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR INJUNCTIVE RELIEF AND SANCTIONS

THIS CAUSE came before the Court upon Defendants' Motion for Injunctive Relief and Sanctions (ECF No. 28).  Plaintiff filed a Response (ECF No. 41).  The Motion is now ripe for review.  UPON CONSIDERATION of the Motion, the Response, the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons set forth below, the Court now GRANTS Defendants' Motion for Injunctive Relief and Sanctions.

Plaintiff Robert Langermann maintains that the Court's Orders are without any factual or legal support.  Opp. to Mot. for Inj. Relief and Sanctions, at 3 (ECF No. 41).  Plaintiff argues that he is not a vexatious plaintiff under Florida's Vexatious Litigant Law, and that Defendants have failed to identify how Plaintiff violated Rule 11 of the Federal Rule of Civil Procedure.  Id. at 6.

Plaintiff also maintains that all of the cases cited by Defendants are distinguishable, as his case has not been fully litigated on the merits. Id. at 4.

Rule 11 of the Federal Rules of Civil Procedure requires district courts to impose "appropriate sanctions," after notice and a reasonable opportunity to respond, where an attorney or party submits a pleading to the Court that: (1) is not well-grounded in fact; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose. See Fed. R. Civ. P. 11(b). The objective standard for assessing conduct under Rule 11 is "reasonableness under the circumstances" and "what [it] was reasonable to believe at the time" the pleading was submitted. Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1293 (11th Cir. 2002) (quoting Baker v. Alderman, 158 F.3d 516, 524 (11th Cir.1998)). Sanctions are warranted when a party exhibits a "deliberate indifference to obvious facts," but not when the party's evidence to support a claim is "merely weak." Id. Pro se litigants have been found liable for sanctions under Rule 11 after filing actions based on claims which have been adversely decided in prior litigation. See Patterson v. Aiken, 841 F.2d 386 (11th Cir. 1988). However, a sanction imposed for a violation of Rule 11 must be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2).

In the Court's Order Granting Motion to Dismiss (ECF No. 53), filed simultaneously with this Order, the Court holds that Langermann's Amended Complaint is subject to dismissal as a frivolous pleading. Langermann has continued to file lawsuits and motions that require the investment of court time and resources in his attempt to relitigate and reargue rulings that have

been decided against him.[1]  Therefore, the Court hereby GRANTS Defendants' Motion for Injunctive Relief and Sanctions.

For the foregoing reasons, it is ORDERED AND ADJUDGED that Langermann is permanently enjoined from filing any further pleadings or motions against the Defendants herein in this Court, unless Langermann first notifies the Court of this order, provides the Court an opportunity to pre-screen Langermann's proffered filing, and obtains the Court's leave to file based upon the Court's determination that the claims asserted are neither frivolous nor barred by the doctrine of res judicata.

DONE AND ORDERED in Chambers at Miami, Florida, this 16th day of October, 2014.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:     All counsel of record

---

[1] See Order Granting Motion to Dismiss (ECF No. 53) for a full discussion and analysis of Langermann's repeated attempts to relitigate claims that have been decided by Courts of competent jurisdiction.