IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 14-22531-CIV-KMM

ROBERT LANGERMANN,

    Plaintiff,

v.

SAMUEL J. DUBBIN; JONATHAN W.
CUNEO; STEVE W. BERMAN; ILYA
"ELIE" RUBINSTEIN; DAVID C.
WROBEL; THE BLUE CARD, INC.;
JEWISH FAMILY SERVICE AGENCY
OF LAS VEGAS; JOHN DOES I-XX;
and ROE CORPORATIONS XXI-XL,

    Defendants.
                                        /

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss (ECF No. 29). Plaintiff filed a Response (ECF No. 42). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the Response, the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons set forth below, the Court now GRANTS Defendants' Motion to Dismiss.

**I.    BACKGROUND**

Plaintiff Robert Langermann filed an Original and Amended Complaint in this action for damages against Defendants for a variety of constitutional violations, conspiracy allegations, and criminal torts. See generally Amended Compl. (ECF No. 9). Defendants are individuals and agencies, both known and unknown, who have been involved in a class action lawsuit of which Plaintiff is a member. Id.

1

In May 2001, a class action lawsuit was filed on behalf of Hungarian Holocaust survivors against the United States for its role in the appropriation, distribution, and sale of the class members' personal property during the Holocaust.  Mot. to Dismiss, at 1 (ECF No. 29).  The suit was styled as Irving Rosner, et al. v. United States of America, Case No. 01-cv-01859 (hereinafter "Original Action"),  assigned to the Honorable Patricia A. Seitz.  Id. at 1-2.  In September 2005, the parties in the Original Action reached a settlement.  Id. at 2.  The Final Order and Judgment in the Original Action created a settlement fund of $25.5 million to be disbursed by certain agencies to provide services to the neediest class members, conditioned upon the class members' submissions of biographical information and documentation regarding income and assets, and authorization of a home visit by a social worker if necessary.  Id.

Plaintiff is a Hungarian Holocaust survivor who immigrated to the United States in 1958.  Mot. for Inj. Relief and Sanctions, at 3 (ECF No. 28).  Plaintiff received notice of the settlement and elected not to opt out.  Therefore, Plaintiff became bound by the settlement.  Id.  Plaintiff subsequently sought to obtain funds.  Id.  When the agencies responsible for the grants requested documentation supporting his eligibility and entitlement to receive funding, Plaintiff refused to comply.  Id.  He refused to disclose details regarding his investments and failed to provide requested details from his credit card bill.  Id.  While the agencies, specifically the Blue Card, Inc. and the Jewish Family Service Agency, approved settlement grants for Plaintiff exceeding $7,000 from 2006 to 2009, eventually they requested additional documentation and authorization for a home visit.  Id.  Plaintiff refused, and continued to refuse even after the agencies' attorneys advised Plaintiff that if he refused to comply with the settlement terms, his requests for grants and funding would not be processed.  Id. at 3-4.

On July 22, 2009, Plaintiff filed a pro se motion in the Original Action, entitled "Class Member Plaintiff Robert Langermann's Motion for an Order to Show Cause Why the Blue Card Inc. and the Las Vegas Jewish Family Service Agency Should Not Be Held in Contempt of Court," alleging the violation of his constitutional rights, and arguing that the agencies' requests for information and a home visit were arbitrary and oppressive, in violation of the allocation plan and of his right to privacy.  Mot. for Inj. Relief and Sanctions, at Ex. B (ECF No. 28-2).  Judge Seitz rejected Plaintiff's claims after considering the Motion, finding that the agencies had acted consistent with their responsibilities and that there was no evidence that the agencies had abused their discretion by acting in an arbitrary manner.  Mot. for Inj. Relief and Sanctions, at Ex. C (ECF No. 28-3).  Judge Seitz noted that "Langermann [had] not been asked for any information that [had] not been asked of any other American survivor," and concluded that while the Court respected Plaintiff's decision not to provide information that he felt was intrusive, such a decision meant that he could not be "considered for participation in the Plan nor receive any more funds."  Id.

On September 7, 2011, Plaintiff initiated a separate lawsuit in the United States District Court of Nevada (hereinafter "Nevada Action"), making the same general claims and adding Judge Seitz as a defendant, in addition to Samuel J. Dubbin, lead class counsel in the Original Action, and the two agencies.  Mot. for Inj. Relief and Sanctions, at Ex. D (ECF No. 28-4).  In response, plaintiffs in the Original Action filed a motion in the Original Action to seek an injunction against Langermann's effort to collaterally attack the settlement through the Nevada Action.  Mot. for Inj. Relief and Sanctions, at Ex. E (ECF No. 28-5).  On March 1, 2012, Judge

3

Ungaro[1] granted the plaintiffs' Motion, enjoining Plaintiff from prosecuting the Nevada Action. Mot. for Inj. Relief and Sanctions, at Ex. F (ECF No. 28-6). Judge Ungaro stated that the Nevada Action "would involve a re-litigation of the Court's rulings in this case." Id.

On March 20, 2012, Plaintiff filed an interlocutory appeal to the Eleventh Circuit and moved this Court to stay its Order pending the appellate ruling. Mot. for Inj. Relief and Sanctions, at Ex. G (ECF No. 28-7). On August 28, 2012, Judge Ungaro denied Plaintiff's motion for a stay, finding that continuing the Nevada Action would result in a waste of time and resources "to a lawsuit that this Court has already determined should not go forward. The burden of such needless litigation amounts to a substantial harm." Id. On April 22, 2013, the Eleventh Circuit Court of Appeals affirmed Judge Ungaro's March 1, 2012 ruling, and the United States District Court of Nevada subsequently dismissed the Nevada Action with prejudice. Mot. for Inj. Relief and Sanctions, at 6.

On July 8, 2014, Plaintiff filed an Original Complaint in this lawsuit. Plaintiff then filed an Amended Complaint on August 8, 2014, alleging eighteen causes of actions.[2] See generally Amended Compl. On September 15, 2014, Defendants filed a Motion to Dismiss maintaining that Plaintiff's Amended Complaint is barred by the doctrine of res judicata. See generally Mot.

---

[1] Judge Seitz recused herself from addressing the motion in the Original Action because she was named as a defendant in the Nevada Action. Id. at 5. The matter was subsequently assigned to Judge Ungaro. Id. at 6.

[2] Plaintiff's causes of action are as follows: (1) Bivens action for deprivation of rights under 42 U.S.C. § 1983; (2) conspiracy to interfere with civil rights under 42 U.S.C. § 1985; (3) retaliation; (4) conspiracy to interfere with civil rights under 18 U.S.C. § 241; (5) deprivation of rights under 18 U.S.C. § 242; (6) violation of federally protected activities under 18 U.S.C. § 245; (7) civil conspiracy; (8) intentional interference with Plaintiff's prospective economic advantage and conspiracy; (9) breach of trust; (10) legal malpractice; (11) breach of fiduciary duty; (12) fraud against Defendants Dubbin, Cuneo, Berman, Rubinstein, Wrobel, and The Blue Card, Inc.; (13) conversion; (14) negligent hiring; (15) negligent supervision; (16) Bivens action for supervisorial responsibility for violations of civil rights; (17) breach of covenant of good faith and fair dealing; and (18) intentional infliction of emotional distress. See Amended Compl.

to Dismiss.  Defendants further maintain that Plaintiff's Amended Complaint is a frivolous pleading and that each of the individual counts is subject to dismissal.  Id.  On September 15, 2014, Defendants also filed a Motion for Injunctive Relief and Sanctions, arguing that the Court should declare Plaintiff a vexatious litigant and should issue an Order imposing procedural injunctions.[3]  See generally Mot. for Inj. Relief and Sanctions.  The Court addresses each argument in turn.

## II.     DISCUSSION

### a.   Doctrine of Res Judicata

Plaintiff argues that previous Court Orders are without the support of any factual or legal authority.  Opp. to Mot. to Dismiss, at 3.  Plaintiff maintains that his claims have not been previously resolved on the merits; rather, Defendants "continuously file motions to dismiss, and injunctive relief, and requests for sanctions, in their effort to punish Plaintiff for standing up for his legal rights."  Id. at 4.  Plaintiff contends that Defendants' res judicata defense has not been properly raised in a Motion to Dismiss.  Id., at 5-6.  Plaintiff further argues that Defendants fail to identify which causes of actions of the present Complaint were previously litigated and that the Courts have failed to address any of the issues raised in Plaintiff's filings.  Id. at 6-8.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),  a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  While res judicata is an affirmative defense that should be raised under Rule 8(c), a party may raise a res judicata defense by motion rather than

---

[3] This Motion is addressed by separate Order (ECF No. 52).

by answer where the defense's existence can be judged on the face of the Complaint.  Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982).

The doctrine of res judicata states that "a final judgment on the merits bars the parties to a prior action from relitigating a cause of action that was or could have been raised in that action." Kivisto v. Soifer, 448 Fed. Appx. 923, 924 (11th Cir. 2011).  "Res judicata . . . protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."  Montana v. United States, 440 U.S. 147, 153-54 (1979).  This extends to all legal theories and claims arising out of the same "operative nucleus of fact" and bars all subsequent suits raising allegedly new theories, unless a substantial change in the underlying facts or law has transpired.  See Jaffree v. Wallace, 837 F.2d 1461, 1468-69 (11th Cir. 1988).

A party seeking to invoke res judicata must satisfy four elements: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.  Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).  "The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case.  In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form."  Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498, 1503 (11th Cir.1990).  "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata."  Id.

Here, the four elements have been met. Judge Seitz, in rejecting Plaintiff's Contempt Motion, entered an Order analyzing the claim and finding that the service agencies acted consistent with their responsibilities. Further, the parties are the same in this suit and the Nevada Action, where Plaintiff attempted to circumvent the Final Order and Judgment by making the same claims which he first made in the Original Action. After Judge Seitz denied Plaintiff's Contempt Motion, Plaintiff initiated the Nevada Action, making the same essential claims and naming Judge Seitz and Dubbin as defendants in addition to the two service agencies. After Judge Ungaro granted the Original Action Plaintiffs' motion to enjoin Langermann from prosecuting the Nevada Action, Langermann filed the instant case against the same parties, removing Judge Seitz and adding several other individuals who were involved in the previous actions. Therefore, the first, second, and third elements are satisfied.

Finally, the same cause of action is involved in both cases. While Plaintiff now alleges eighteen causes of action, they all arise out of the same nucleus of operative fact. All of Plaintiff's claims arise from the Final Order and Judgment, filed on September 30, 2005, the Order Denying Langermann's Contempt Motion, filed on March 3, 2010, and the Order Enjoining Langermann from Prosecuting the Nevada Action, filed on March 1, 2012. Plaintiff alleges the same facts to support his claim that his rights were violated by the actions of the Defendants, and has repeatedly attempted to relitigate and reinterpret the rulings in these cases. Therefore, the Court finds that this action is barred by the doctrine of res judicata.

### b. Frivolous Pleading

Plaintiff maintains that he has a right to seek redress for wrongs committed against him. Opp. to Mot. to Dismiss, at 8. Plaintiff contends that his Complaint is based on facts and law, and further argues that Defendants' problems are self-inflicted, and therefore, their arguments

7

should not be accepted by the Court.  Id.  Plaintiff further maintains that all of the causes of action presented in his Amended Complaint are viable claims, and asks this Court for the opportunity to re-plead if they are found to be insufficiently pled.  Id. at 9-14.

      Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986).  Therefore, a district court may dismiss a case for frivolity "when the legal claim is indisputably meritless, the facts are far-fetched or baseless, or both."  Cofield v. Alabama Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).  Rule 11 of the Federal Rules of Civil Procedure sets forth several requirements for representations to the Court.  In relevant part, the submissions may not be presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and the claims, defenses, and other legal contentions must be warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.  See Fed.R.Civ.P. 11(b).  The objective standard for assessing conduct under Rule 11 is "reasonableness under the circumstances" and "what [it] was reasonable to believe at the time" the pleading was submitted.  Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002) (quoting Baker v. Alderman, 158 F.3d 516, 524 (11th Cir.1998)).

      Plaintiff alleges various constitutional violations and conspiracies which have been rejected numerous times by this Court.  In September 2005, the Final Order and Judgment in the Original Action set forth the conditions and requirements for eligibility for settlement funds.   In March 2010, Judge Seitz issued the Order Denying Langermann's Contempt Motion, finding that the service agencies acted appropriately, and that Plaintiff was bound by the settlement and had to comply with its terms in order to receive funds.  Undeterred, Plaintiff continued to pursue his

8

claims, and in March 2012, Judge Ungaro issued the Order Enjoining Langermann from Prosecuting the Nevada Action, holding that continuing the Nevada Action would result in a waste of time and resources "to a lawsuit that this Court has already determined should not go forward."  The Eleventh Circuit affirmed Judge Ungaro's Order.  Nevertheless, Plaintiff continues to file pro se lawsuits and motions that require the investment of court time and resources in his attempt to religitate and reargue rulings that have been decided against him.  The Court finds that the Complaint is subject to dismissal as a frivolous pleading.

### III.   CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that DEFENDANTS' Motion to Dismiss (ECF No. 29) is GRANTED.

The Clerk of Court is instructed to CLOSE this case.  All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 16th day of October, 2014.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:     All counsel of record